# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 16-08** |
| **LAZANDY DANIELS** | **SECTION: "H"(4)** |

## ORDER AND REASONS

Before the Court is a Motion to Suppress adopted by Defendant Lazandy Daniels (Doc. 60) and a Motion to Suppress filed by Defendant Lazandy Daniels (Doc. 120). For the following reasons, these Motions are **DENIED**.

## BACKGROUND

Defendant Lazandy Daniels was indicted on January 14, 2016, on charges of conspiracy to distribute cocaine and possession with intent to distribute cocaine and cocaine base ("crack"), along with co-defendants Craig James and Leon Jackson.[1] He was arraigned and pleaded not guilty to these charges on January 27, 2016. Subsequently, on April 28, 2016, he was charged

---

[1] Leon Jackson, Joppa Jackson, and Craig James have been rearraigned and pleaded guilty.

via a superseding indictment with an additional count of distribution of cocaine base ("crack"). This indictment added Joppa Jackson as a codefendant. Daniels was arraigned and pleaded not guilty to the charges of the superseding indictment on May 11, 2015.

On March 28, 2016, Craig James filed Motion to Suppress Evidence obtained during a December 2, 2015 warrantless search of a motel room at the Super 8 Motel in New Orleans. Daniels subsequently adopted that Motion. He later filed his own Motion to Suppress, echoing many of the arguments contained in the original Motion. The Government opposes.

## LAW AND ANALYSIS

The pending Motions are directed at suppressing evidence and statements obtained in connection with the December 2, 2015 warrantless search of the motel room in which James was staying. In the original Motion, Craig James argued that (1) no exigent circumstances existed to justify the warrantless search and (2) that the GPS tracking of James's cell phone violated the Fourth Amendment. Daniel's later-filed Motion only raises arguments relative to the warrantless search of the motel room.

As a preliminary matter this Court holds Daniels does not have standing to raise Fourth Amendment violations relative to James's cell phone, as such rights are strictly personal and may not be asserted vicariously.[2] It seems that Daniels does not contest this point as his sole arguments for relief are based upon the warrantless search of the motel room. Nevertheless, the Court

---

[2] *Rakas v. Illinois*, 439 U.S. 128, 134 (1978) ("A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed.").

harbors doubts as to whether Daniels has standing to challenge that search, as Daniels has presented no evidence that he had a reasonable expectation of privacy in the room. Following the evidentiary hearing on the Motion to Suppress, the Court ordered supplemental briefing on this issue. The Court will first address whether Daniels has standing to challenge the warrantless search of the hotel room. It will then consider the propriety of the warrantless search of the motel room under the Fourth Amendment.

## I. Standing

The Court sua sponte raised the issue of Daniels's standing to challenge the warrantless search of the motel room, and the parties have provided supplemental briefing on this issue. "A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed."[3] While an overnight guest in a home or hotel room may claim the protections of the Fourth Amendment, an individual who is merely "legitimately on the premises" may not.[4]

Daniels urges the Court to apply the broader standing rules contained in the Louisiana Constitution, wherein standing to challenge a violation of Fourth Amendment rights is extended to "[a]ny person adversely affected" by an illegal search or seizure.[5] Defendant cites no authority in support of this proposition. "Whether the Fourth Amendment has been violated is determined

---

[3] *Id.*

[4] *Minnesota v. Carter*, 525 U.S. 83, 91 (1998). *See also United States v. Taylor*, 482 F.3d 315, 318 (5th Cir. 2007); *United States v. Scott,* No. MO-14-CR-161, 2014 WL 11514593, at *4 (W.D. Tex. Sept. 2, 2014) (holding that individual lacks reasonable expectation of privacy in hotel room where he fails to introduce evidence that he was an overnight guest).

[5] LA. CONST. ART. 1, § 5

3

solely by looking to federal law on the subject."[6] Though the states are free to impose higher standards on searches and seizures than those required under federal law, "federal courts are not bound to apply these protections in a federal prosecution."[7] Additionally, applicability of the exclusionary rule in federal court is governed exclusively by federal law.[8] Accordingly, Louisiana's broad standing rule is inapplicable in this federal prosecution.

Defendant next argues that the Government has waived its right to challenge standing because it did not raise the argument in its initial briefing. This argument is without merit, as courts routinely sua sponte raise the issue of standing under the Fourth Amendment.[9]

Finally, Defendant urges the Court to find that Daniels has standing because of "[t]he lack of any evidence that Mr. Daniels was not an overnight guest." This double-negative argument ignores the burden of proof regarding Fourth Amendment standing. The evidence introduced at the hearing indicated that the motel room was registered to James and that only his suitcases were in the room. There was no evidence introduced giving any indication that Daniels intended to stay overnight in the room. The Government need not prove a negative; rather, "[t]he proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure."[10] Daniels has provided no evidence to establish that he was anything other than a temporary

---

[6] *United States v. Walker*, 960 F.2d 409, 415 (5th Cir. 1992)
[7] *United States v. Honeycutt*, No. 15-0058-02, 2015 WL 5826498, at *6 (W.D. La. Sept. 14, 2015), report and recommendation adopted, No. 15-0058-02, 2015 WL 5837622 (W.D. La. Oct. 6, 2015).
[8] *United States v. Mahoney*, 712 F.2d 956, 959 (5th Cir. 1983).
[9] *United States v. Murray*, No. 1:10-CR-00024, 2010 WL 3069485, at *3 n.8 (D.V.I. Aug. 2, 2010) (collecting cases).
[10] *Rakas,* 439 U.S. at 132.

4

guest in James's hotel room. Accordingly, he has failed to establish standing to challenge the warrantless search of the same.

## II. Propriety of the Search

Even assuming that Daniels has standing to challenge the search of the motel room, the Court finds that the search was permissible under the exigency exception to the Fourth Amendment's warrant requirement. The parties appear to agree as to the basic facts giving rise to the warrantless search. Following a tip from a confidential source, DEA agents began investigating the alleged drug activity of Craig James. Using a GPS track on James's cell phone, they tracked him to a Super 8 Motel on Chef Menteur Highway in New Orleans. After conducting several hours of surveillance, during which time they observed a series of suspicious actions, the agents decided to approach the motel room. After the agents knocked on the door and announced their presence, the suspects did not come to the door. At that point they kicked in the door and arrested the Defendants.

Warrantless searches and seizures inside a home are presumptively unreasonable under the Fourth Amendment.[11] "[T]his presumption may be overcome in some circumstances because the ultimate touchstone of the Fourth Amendment is reasonableness."[12] "The exigent-circumstances exception applies where the societal costs of obtaining a warrant, such as danger to law officers or the risk of loss or destruction of evidence, outweigh the reasons for prior recourse to a neutral magistrate."[13] "It permits, for instance, the warrantless entry of private property when there is a need to provide urgent aid to those inside, when police are in hot pursuit of a fleeing suspect, and when

---

[11] *Kentucky v. King*, 131 S.Ct. 1849, 1856 (2011).
[12] *Id.* (citing *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006) (quotations omitted).
[13] *United States v. Menchaca-Castruita*, 587 F.3d 283, 289 (5th Cir. 2009).

police fear the imminent destruction of evidence."[14] "[O]fficers may . . . conduct a warrantless search when they have probable cause to believe that failure to act would result in imminent destruction of evidence."[15] The burden of establishing exigent circumstances lies with the Government.[16]

Daniels argues that officers did not have probable cause to believe there were drugs in the room. He argues that the DEA agents have only alleged that they had information that James and Daniels had a large amount of cash in the room, and that they would not reasonably believe that the evidence (i.e. the cash) was in danger of being destroyed. Probable cause "exists where the facts and circumstances within [the officials'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief" that a criminal offense had occurred and the evidence would be found in the suspected place."[17] After all-day surveillance, the agents elected to conduct a "knock and talk" with the Defendants. After knocking, they heard movement in the room and reasonably believed that evidence was being destroyed. They then decided to enter the room. Upon entering, they found drugs and drug paraphernalia in plain view. Defendant avers that the agents could not have heard the sounds of the toilet flushing or shuffling in the room; however, the Court finds no reason to doubt the testimony of the DEA agents.[18] Based on the evidence introduced at the

---

[14] *Birchfield v. North Dakota*, 136 S. Ct. 2160, 2173 (2016).
[15] *Missouri v. McNeely*, 133 S. Ct. 1552, 1575 (2013).
[16] *Id.*
[17] *New Jersey v. T.L.O.*, 469 U.S. 325, 358 (1985) (internal citations omitted).
[18] In support of their contention, defense counsel and two other individuals rented the motel room in question and attempted to see if they could hear the toilet flush in the hall. The individuals assisting defense counsel testified that they could not hear the sound of the toilet flush. The Court finds this test to be less than scientific and that it is insufficient to impugn the credibility of the agents' testimony.

hearing, the Court finds that the officers had probable cause to believe that there were drugs on the premises.

Daniels also argues that the agents had ample time to secure a warrant yet failed to do so. The Supreme Court has expressly rejected consideration of whether the police had time to secure a warrant after finding probable cause, noting that there are legitimate law enforcement strategies for declining to do so.[19] In the course of their investigation, the police decided to approach the room and knock on the door. After identifying themselves, they heard sounds indicative of evidence being destroyed. This, coupled with their previous observations of the occupants of the room, give them probable cause to believe that there was evidence of criminal activity in the room, and that the evidence was being destroyed. In light of these circumstances, a warrantless search was appropriate. Accordingly, the Court finds no basis to suppress the evidence seized as a result of this search.

## CONCLUSION

For the foregoing reasons, Defendant Lazandy Daniels's Motion to Suppress is DENIED.

New Orleans, Louisiana this 5th day of May, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[19] *King,* 563 U.S. 466.