UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 16-08** |
| **CRAIG JAMES ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Defendant Craig James's Motion for Compassionate Release (Doc. 429). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

On January 14, 2016, the Government filed an Indictment that charged Defendant Craig James with two counts: (1) conspiracy to distribute and to possess with the intent to distribute five kilograms or more of cocaine hydrochloride and 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 846; and (2) possession with intent to distribute 28 grams or more of a mixture or substance of cocaine base, in

1

violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B).[1] On April 22, 2016, Defendant James was named in a Bill of Information to Establish Prior Conviction pursuant to 21 U.S.C. § 851(a)(1).[2] The Bill charged that on or about October 17, 2007, Defendant James was convicted of manufacturing or delivering a controlled substance and sentenced to six months of incarceration in the 184th District Court in Houston, Texas. This prior conviction increased the mandatory minimum sentence under Count One of the Indictment from 10 to 20 years.

On April 28, 2016, Defendant James pled guilty to Count One of the Indictment.[3] On September 21, 2017, Defendant James was sentenced to 156 months of imprisonment followed by 10 years of supervised release.[4] Now before the Court is Defendant James's Motion for Compassionate Release to reduce his sentence.[5]

## LAW AND ANALYSIS

"The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582."[6] Section 3582(c), as amended by the First Step Act, states in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—(1) in any case—(A) the court, upon motion

---

[1] *See* Doc. 1.
[2] *See* Doc. 81.
[3] *See* Doc. 83.
[4] *See* Doc. 343.
[5] *See* Doc. 429.
[6] United States v. Garcia, 606 F.3d 209, 212 (5th Cir. 2010).

of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . .

Here, Defendant James has motioned for compassionate release, but he provides no proof that he has fully exhausted his administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on his behalf or that he waited 30 days from the receipt of a request by the warden of his facility. Further, there is no evidence of any motion from the Director of the Bureau of Prisons. Accordingly, Defendant James has failed to comply with 18 U.S.C. § 3582(c), and the Court must deny his request for compassionate release.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant James's Motion for Compassionate Release (Doc. 429) is **DENIED** as premature and may be re-urged once the requirements of 18 U.S.C. § 3582 are met.

New Orleans, Louisiana this 8th day of February, 2022.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**